Vanessa Rai Cooper
FULL NAME
Same
COMMITTED NAME (if different)
Federal Correctional Complex
FULL ADDRESS INCLUDING NAME OF INSTITUTION
13777 Air Expressway Blvd.
Victorville, CA 92394/ 58397-018
PRISON NUMBER (if applicable)

```
FILED
CLERK, U.S. DISTRICT COURT

SEP - 5 2017

CENTRAL DISTRICT OF CALIFORNIA
BY___ DEPUTY
```

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA   Amended

Vanessa Cooper

PLAINTIFF,

v.

Federal Bureau of Prisons
et al.,
DEFENDANT(S).

CASE NUMBER 17-CV-5138 DDW-AFM
To be supplied by the Clerk

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** (Check one)
☐ 42 U.S.C. § 1983
☒ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

### A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☒ Yes   ☐ No

2. If your answer to "1." is yes, how many? _____1_____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

   Vanessa Cooper, Plaintiff v. A. Washington-Adduci, Defen... I was seeking adequate medical treatment for a torn meniscus in my right knee. I was seeking injunctiv... relief in the form of knee surgery, I was also seekin... a claim for relief based on the violation of my constitutional rights. I was ordered to amend my pleading by identifying those individuals and/or entities I alleged violated my constitutional rights in the form of a Bivens.

a. Parties to this previous lawsuit:
Plaintiff _Vanessa Cooper_

Defendants _A. Washington - Adduci_

b. Court _United States District Court for the Northern District of Alabama_

c. Docket or case number _7:16-cv-00509-MHH-JEO_

d. Name of judge to whom case was assigned _John E. Ott_

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _Dismissed without prejudice_

f. Issues raised: _____

g. Approximate date of filing lawsuit: _May 9, 2016_

h. Approximate date of disposition _June 9, 2016_

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☒ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes   ☐ No

   If your answer is no, explain why not _____

3. Is the grievance procedure completed? ☒ Yes   ☐ No

   If your answer is no, explain why not _____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _Vanessa Cooper_
(print plaintiff's name)

who presently resides at _FCC Victorville P.O. BOX 5300, Adelanto, CA 92394,_
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
_FCI Aliceville, 11070 Highway 14 P.O. BOX 4000 Aliceville, AL 3544._
(institution/city where violation occurred)

on (date or dates) _Deliberate Indifference/med. Retaliation   Unconstitutional administrative action._
(Claim I)          (Claim II)          (Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant _A. Washington - Adduci_ _____ resides or works at
(full name of first defendant)
_FCI Aliceville 11070 Hwy 14 Aliceville, AL 35442_
(full address of first defendant)
_M Warden of FCI Aliceville_
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:
_When the events contained in this Complaint occurred, this Defendant was acting within the scope of her employment._

2. Defendant _Dr. McCullar_ _____ resides or works at
(full name of first defendant)
_FCI Aliceville 11070 Hwy 14 Aliceville, AL 35442_
(full address of first defendant)
_Medical Doctor FCI Aliceville_
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:
_From 2014 to 2015 this Defendant acted within the scope of her employment and under the color of law._

3. Defendant _Ivan Negron_ _____ resides or works at
(full name of first defendant)
_FCI Aliceville 11070 Hwy 14 Aliceville, AL 35442_
(full address of first defendant)
_Regional Medical Director FCI Aliceville_
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:
_When the events contained in this Complaint occurred, this Defendant was acting within the scope of his employment._

on (date or dates) _____, _____, _____.
                   (Claim I)        (Claim II)       (Claim III)

**NOTE:**    You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.   Defendant   *Richard Griffen*            resides or works at
              (full name of first defendant)
    *FCI Aliceville 11070 Highway 14 Aliceville, AL 35442*
    (full address of first defendant)
    *Clinical Director*
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:
*When the events contained in this Complaint occurred, this Defendant was acting within the scope of his employm*

2.   Defendant   *Sharon Bailey*            resides or works at
              (full name of first defendant)
    *FCI Aliceville 11070 Hwy 14 Aliceville, AL 35442*
    (full address of first defendant)
    *Staff Physician*
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:
*When the events contained in this Complaint occurred, this Defendant was acting within the scope of her employm*

3.   Defendant   *Ella Taylor*            resides or works at
              (full name of first defendant)
    *FCI Aliceville 11070 Hwy 14 Aliceville, AL 35442*
    (full address of first defendant)
    *Triage Nurse*
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:
*From 2014-2015 this Defendant acted within the scope of her employment and under the color of law.*

4. Defendant _M. King_ resides or works at
(full name of first defendant)

_FCI Aliceville 11070 Hwy 14 Aliceville, AL 35442_
(full address of first defendant)

_Registered Nurse_
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:

_When the events contained in this Complaint occurred this Defendant was acting within the scope of her employment._

5. Defendant _Unknown others_ resides or works at
(full name of first defendant)

_FCI Aliceville 11070 Hwy 14 Aliceville, AL 35442_
(full address of first defendant)

_Triage Nurse_
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:

_When the events contained in this Complaint occurred this Defendant was acting within the scope of his employment_

## D. CLAIMS*

CLAIM I

The following civil right has been violated:

*Eighth Amendment*
1. Right to be free from the infliction of cruel and unusual punishments as guaranteed by the Eighth Amendment. Violation of Eighth Amendmen rights has been found when there is an intentional denial of needed medical care, or when a prison official's conduct indicates deliberate indifference to the medical needs of prisoners.

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

1. Plaintiff or I am bringing suit after over 3 years of denials of appropriate care for a injury that occurred in the year 2014, while I was exercising at FCI Aliceville recreation department. This injury resulted in a right knee promenent posterior horn medial meniscus tear and cartilage thinning within the lateral compartment. This condition is so obvious that even a lay person can easily reconize that a doctors attention is ~~nese~~ necessary.

2. FCI Aliceville was over populated with very little medical staff during the time I injured my knee. The population was well over 1200 prisoners and one physician, one nurse, one triage nurse, so the prison administration relied upon a medical staff of three personnel. (Claim 1 Cont)

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

Claim I con't

The service and the facility were inadequate to my medical needs for this torn meniscus. Leaving me in excruciating pain until this very day.

3. Defendant McCullar acted with deliberate indifference to my medical needs by telling me I would need a surgery yet this Defendant did not request any medical attention or medical restrictions until after I injured my shoulder at work. Defendant McCullar acted with negligence to my medical needs for this torn meniscus, because even though the Defendant said the Plaintiff needs a surgery there is no record showing she ever requested one, leaving me without any medical attention for months in excruciating pain.

4. Even though I went to many sick-call visits for pain and swelling in my right knee I was ignored and left sitting in the waiting room at med.

5. Defendant Taylor acted with deliberate indifference to my medical needs by telling me during mainline open house "not to come back to medical for my knee, because there is nothing they can do about it."

6. Defendant Negron acted with deliberate indifference to my medical needs by

Page 2

Claim I con't

falsely reporting in my medical file, an encounter with me at Health Services on January 12, 2015. Defendant Negron also reported a plan of action that consisted of a self-instructed Physical Therapy. This report filed by Defendant Negron would later determine the medical care I would receive and the denials I receive at every level. Had I not filed a Informal Resolution on January 16, 2015, this Defendant's report would have been counted as a encounter visit with me.

7. Defendant Griffin used unconstitutional administration abuse and deliberate indifference to my medical needs by not actually treating me for this torn-meniscus only making the record look like treatment is being administered, and recovery is in progress only to assure a denial of appropriate costly medical care. This Defendant set many appointments with me and never showed-up, leaving me sitting in the waiting room until one of the nurses would come out yelling at me about how I'm not going to be seen, and wait for the call-out. I was never put on the call out for a appointment until the administrative remedy I filed needed to be answered. At that time Defendant Griffin would set and keep my doctor's

Page 3

Claim 1 con't

appointment only to record a false recovery
to manipulate the administrative remedy.

8. Defendant Griffin acted with deliberate
indifference by administering a self-instructed
Physical Therapy that he did not review
or test and did not know what the
physical therapy consisted of. Yet this
Defendant told me, "if I do not do the
physical therapy they will know because me leg
will not heal."

9. Everytime I tried to do the physical therapy
or anything that consisted of normal behavior
and living my knees would swell-up and leave
me holding onto my cane with both hands
dragging my Rt leg, barely able to walk.
Then when I would go to sick-call the
administration would tell me, "my leg should
have healed by now," and leave me sitting in
the waiting room until recall and never being
seen.

10. Defendant Griffin or any other medical staff
never examined me for a sick-call visit
for swelling and pain from the physical therapy
or any other normal life activies that caused
more harm to this torn-meniscus. This Defendant
had no knowledge of the exercises contained in

page 4

Claim 1 con't

the Physical therapy Packet that he gave to me on April 30, 2015.

11. Defendants King and Bailey's decision to minimize my serious medical needs to assure no adequate medical care shows deliberate indifference to my rights.

12. Defendant Adduci, as Warden of FCI Aliceville was personally involed in the denial of all my medical grievances, acknowledged my concerns, needs and sufferings by "parroting" my specific claims in my denial of grievances. This Defendant further refused to provide any aid or assistance, or require staff under her control (administrative and medical), to provide me with proper care, and attention or relief. Yet this Defendant added hardship to my injury by not allowing me to sit down while working, even though medical had a restriction on me for sedentary work only.

13. These deliberate indifferences violated my constitutionally protected Eighth Amendment right to be free from cruel and unusual punishment, as a direct and proximate result of these Defendants actions, I suffered physical and emotional injury, disability, permanent damages, humiliation, and other constitutionally

page 5

Claim/con't

protected rights and damages as described
herein.

## Claim 2
### First Amendment

1. The U.S Constitution provides, in pertinent part, that "Congress shall make no law abridging the freedom of speech, or to petition the Government for a redress of grievances."

2. By filing the Administrative grievances against the Defendants I engaged in the First-Amendment-protected conduct as these grievances sought redress in the adjudication level of the facility (or, in the alternative, in these Honorable Courts, which require such attempts at securing administrative remedy before filing suit).

### Supporting Fact:

1. Defendant King as well as Defendant Bailey, Griffin and the Triage nurse (name unknown-from the year 2015-2016) all acted with retaliation toward me, but Defendant Bailey and Griffin retaliated through administration manipulation, this Defendant King retaliated with face-to-face contact as well as the triage nurse.

2. Defendant King retaliated against me on October 20, 2015 when I went to medical for a sick-call visit, by intimidating me with a face-to-face confrontation. Not allowing me to

*Claim 2* con't

enter Health Services while I was in excruciating pain. Defendant King told me, "if I am able to make it to medical there is nothing wrong with me." As of this date October 20, 2015 I had been to medical for sick call many times never being seen or put on the call-out for an appointment I also filed three administrative grievences not including cop-outs and letters. Defendant King spoke to me with much anger leaving me outside, when I told her I was here all day yesterday and no one saw me, and how I made it to medical leaning on my cane with both hands putting all my weight on my left leg dragging my right leg, she just stood there looking down at me, leaving me standing outside of medical for a few more minutes, then finally she let me in. By this time I too was upset, so I said to her, "that's why I'm reporting ya'll," Defendant King at that time yelled at me saying, "You don't have to come over here." At that time I said, "where else can I get medical help," and I took a seat, I sat there for hours everyone at medical was seen except me, at that time I decided for my safety it is best I leave.

Page 2

Claim 2 con't

3. Defendant Bailey retaliated against me by giving her medical diagnosis without ever examining me, yet her medical report was used in the denial of the Regional Administrative Remedy Appeal No. 816582-R1, dated July 20, 2015 her report was false according to the report made on January 22, 2016, where it is noted no improvement.

4. Defendant Griffin retaliated against me by stopping my medical for my chronic care (fibroid tumors), leaving the care for my tumors in a, "waiting for a decision file". Defendant Griffin retaliated by never giving any medical care for my left knee after I complained that my left leg is now in very bad pain because of my right leg Defendant Griffin thought it was funny.

5. Defendants Griffin, Bailey, King, and the Triage nurse, all retaliated against me by falsifing my medical reports and adding misleading medical reports, to assure a denial of costly and appropriate medical care. These Defendant worked the most to manipulate denial of care at every level, to frustrate, hamper or completely block my attempts to obtain adequate medical care.

Page 3

Claim 3

Fifth or Fourteenth

The due process right has been couched in terms of the prisoner's right to be free from an abuse of discretion on the part of prison administrators; protection from unconstitutional administive action; protection of a prison's life and health from administrative action.

Supporting Facts:

1. Defendant Griffin filed false medical reports into my file on April 30, 2015 indicating I was not doing the physical therapy, then on May 6, 2015 only 6 days later wrote into my file that I was making progress, only for the purposes of manipulating the administrative remedy to ensure a denial of costly, appropriate care for me through the administrative remedy No. 816582-F1. This complaint was due for an answer April 27, 2015, Defendant Griffin had not seen me since 2014, so the remedy needed an extension in order to give an answer. The extension was due May 17, 2015. Defendant Griffin set two appointments with me, the first appointment was set in order to falsely accuse me of not doing the physical therapy, knowing I had never received a physical

page 1

## Claim 3 con't

therapy. The second appointment was to falsely report that I had made progress with the physical therapy, in the six days apart from each appointment.

2. Defendant Bailey reported on June 30, 2015 that I appeared to medical with a normal gait, that report was also false strickly filed for one purpose to ensure a denial of my appeal for appropriate medical care.

3. The Defendants attempts to down play my injuries are deliberate, retalitory, and malicious actions.

4. Defendant Negron's decision to report a false encounter with me for the purposes of assuring a denial of costly appropriate care is a abuse of power, and deliberate indifference.

5. the Defendants in this matter whom hold supervisory or authoritative control and oversight regarding my care or access to care and denials thereof, have maintained a deliberate, consistant and blatanly unconstitutional pattern, practice, custom procedure and protocol for virtually mandating denials of almost every basic, common and proper form of treatment.

Page 2

**E. REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

1. Compensatory damages in an amount which is fair, just, and resonable.

2. Punitive and/or exemplary damages in an amount which is fair, just and reasonable.

3. Injunctive relief to secure access to care necessary to address my medical needs, including but not limited to, any surgery, medication, supplementation, and other treatment necessary for my injured knees, meniscus, cartilage, tendon, arthritis, joint, bone, back, shoulder, and tumors.

4. Entry of declaratory judgment stating that the Defendants policies, practices, acts and omissions violated my rights guaranteed to me by the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America.

5. Such other and further relief as this Court may deem appropriate.

6. I have suffered unnecessarily over the last 3 years as a direct and proximate result of the Defendants intentional disregard for my medical needs. Budgetary concerns, which clearly is the driving force here, should not cause me to be crippled for life and scarred because timely and proper attention was not afforded to me.

___8-30-17___
(Date)

___Vanessa Cosper___
(Signature of Plaintiff)

**Aubrey Collins - Cooper, Vanessa # 58397-018 Informal Resolution**

| | |
|---|---|
| **From:** | Aubrey Collins |
| **To:** | Ella Taylor |
| **Date:** | 1/24/2015 4:26 PM |
| **Subject:** | Cooper, Vanessa # 58397-018 Informal Resolution |
| **CC:** | Richard Griffin |
| **Attachments:** | Cooper, Vanessa # 58397-018.pdf |

Please see attached documents and schedule I/M Cooper to be seen regarding her issue at your convenience.

Thanks,

## A. Collins

**B4 Case Manager**
**FCI Aliceville**
**P.O. Box 445**
**Aliceville, AL. 35442**
**205 373-5000 Ext. 5164**
<u>a4collins@bop.gov</u>

**FEDERAL CORRECTIONAL INSTITUTION**
**ALICEVILLE, ALABAMA**
**INFORMAL RESOLUTION FORM**

Inmate Name: _Vanessa Cooper_     Reg. No. _58397-018_
Unit: _B-4_     Date: _1-16-15_

**NOTICE TO INMATE:** You are advised that normally prior to filing a Request for Administrative Remedy, BP-229(13), you **must** attempt to informally resolve your complaint through your Correctional Counselor. Please follow the three steps listed below:

1.  State your complaint: _I came here to FCI Aliceville in March, when I got here I walked normal, I exercised I played baseball jogged, I did this for the first 3 mos. then one day I woke up for breakfast and I could not walk with out straighting out my leg, by the time I get down the stairs in my unit, I could not walk without_

    **(If more space is needed, you may use up to one letter size (8 1/2 x 11) continuation page. You must also submit one copy of supporting exhibits. (Exhibits will not be returned with the response to BP-229(13) responses.))**

2.  State what actions you have made to informally resolve your complaint: _I went to sick call at least 6 different times then I talked to my counselor, and I wrote a cop out to the warden. I wrote a cop out to the med records_

3.  State what resolution you expect: _I expect to know whats wrong with my leg then take action on getting medical attention so I can know how and what I can and can't do._

Inmate's Signature: _Vanessa Cooper_     Date: _1-16-15_

Correctional Counselor's Comments (Steps to Resolve): _Will contact_
_Medical to resolve._

Counselor's Signature: _Anelli_     Date: _1-24-15_
Unit Manager's Review: _Anelli_     Date: _1-24-15_
Informally Resolved: _Batt_     Date: _3-13-15_

| | BP-8 ISSUED | BP-8 RETURNED | BP-9 ISSUED | BP-9 RETURNED | REMEDY CLERK |
|---|---|---|---|---|---|
| DATE | 1-16-15 | 3-13-15 | 3-16-15 | | |
| TIME | 9:20 pm | 9 am | 9 Am | | |
| COUNSELOR | A. Collins | A. Collins | A. Collins | | |

binding my leg. My right led was hurt at the knee. So I could not straighten it at first, then I could not bind it while walking. I've been stuck like this now for 7 months. First I went to sick call they took x-rays, Medical here at FCI Aliceville told me nothing was wrong with my leg but I still could not walk. So I went back to so I went back to the sick call the next day I was told I will ~~not~~ be put on sick call. I was never put on sick call. Then one day while working in Food Service the Warden saw me limping around and ask me "what happen" I told her what happen she was concerned that I did not have a stroke. I told her I don't know if I had a stroke. Shortly after that I was taken out for a MRI, then now it's been 3 months and I can't get the results or even a Dr's appointment. I was put on the call out finally after being told I was unable to be found here at FCI Aliceville, when I went to my appointment I was told I was not going to be seen. I've been walking with this limp for 7 months in very bad pain. Please help me.

U.S. DEPARTMENT OF JUSTICE          3/16/15          REQUEST FOR ADMINISTRATIVE REMEDY
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Cooper, Vanessa R          58397-018          B-4          FCI - Alliceville
          LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A– INMATE REQUEST**

I've been to medical numerous times concerning my Rt knee, No solution has been talked about. As a matter of fact I was told by the medical staff not to come back to medical about my knee. Everyday that passes the pain gets worse, sometimes I don't think I'm going to make it to work or back to my unit. I do not want to quit my job or move unless I have surgery. Which is what a solution would be, to schedule me for surgery, and I know this not because of medical, but because of my own research I did not come to this prison like this, please help me, so I can know what my future holds.

3-26-15
DATE                                    Vanessa Cooper
                                        SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____
DATE                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 816582-F1

**Part C– RECEIPT**          CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____
DATE                                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN          PRINTED ON RECYCLED PAPER                    BP-229(13)
                                                              APRIL 1982

                    RECEIPT - ADMINISTRATIVE REMEDY


DATE: APRIL 17, 2015



FROM: ADMINISTRATIVE REMEDY COORDINATOR
      ALICEVILLE FCI

TO  : VANESSA COOPER, 58397-018
      ALICEVILLE FCI     UNT: B UNIT     QTR: B04-104L



THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID       : 816582-F1
DATE RECEIVED   : APRIL 7, 2015
RESPONSE DUE    : APRIL 27, 2015
SUBJECT 1       : MEDICAL CARE - IMPROPER OR INADEQUATE
SUBJECT 2       :

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY


DATE: APRIL 30, 2015



FROM: ADMINISTRATIVE REMEDY COORDINATOR
      ALICEVILLE FCI

TO  : VANESSA COOPER, 58397-018
      ALICEVILLE FCI     UNT: B UNIT     QTR: B04-104L



ADDITIONAL TIME IS NEEDED TO RESPOND TO THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

    REMEDY ID      : 816582-F1
    DATE RECEIVED  : APRIL 7, 2015
    RESPONSE DUE   : MAY 17, 2015
    SUBJECT 1      : MEDICAL CARE - IMPROPER OR INADEQUATE
    SUBJECT 2      :

REQUEST FOR ADMINISTRATIVE REMEDY

Administrative Remedy No. 816582-F1
Part B - Response

This is in response to your Request for Administrative Remedy No. 816582-F1, received on April 7, 2015, wherein you state there has been no solution in regards to your knee pain.   As relief, you request knee surgery.

A review of your medical record and consultation with staff reveals an MRI of the right knee was performed on November 17, 2014.   The MRI findings revealed prominent tear posterior horn medial meniscus and cartilage thinning within the lateral compartment. The Regional Medical Director reviewed the MRI report and noted treatment plans as follows:   continue with self-instructed physical therapy and pain medication; and consider orthopedic consultation if symptoms persist after conservative management.

On May 6, 2015, you were evaluated by the Clinical Director for complaint of knee pain and to discuss your MRI results.   The Clinical Director evaluated your knee and noted tenderness to the collateral ligament and reduced mobility.   You were advised of the MRI results and the Clinical Director recommended a follow-up evaluation in one month.

Accordingly, your Request for Administrative Remedy is denied, in that FCI Aliceville Health Services staff have evaluated and treated your medical complaints based on Program Statement 6031.04, *Patient Care*, and knee surgery is not recommended at this time.   If you are dissatisfied with this response, you may appeal to the Regional Director at the Southeast Regional Office, 3800 Camp Creek Parkway, S.W., Building 2000, Atlanta, Georgia 30331.   Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

_____                    _____
A. Washington Acceric Warden                                   Date

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: _Cooper, Vanessa, R_      _5097-018_     _B-4_     _FCI Hazelville_
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A - REASON FOR APPEAL**

I was denied surgery for my knee by Regional. The section that was provided is inaccurate. First I was told by Regional that the problem with my knee might be a slow heal. So Regional had me wait 7 mos. Before finally approving me for a MRI. The One-C received the MRI the doctor requested a surgery for a torn meniscas and Regional denied it, and told me to exercise and start walking right. This is unacceptable because the doctor said, I need surgery urgently. Now I'm a cripple, even though I was not handicapped when I came here to Aliceville FCI. Why give me the MRI then deny the requested solution for the problem (Surgery)?

_5-26-15_                                      _Vanessa Cooper_
DATE                                      SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____          _____
DATE                                      REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel.  Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE                CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____          _____
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____          _____
DATE                                      SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN                                                      BP-230(13)

RECEIPT - ADMINISTRATIVE REMEDY

DATE: JULY 7, 2015


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      SOUTHEAST REGIONAL OFFICE

TO  : VANESSA COOPER, 58397-018
      ALICEVILLE FCI     UNT: B UNIT     QTR: B04-104L


THIS ACKNOWLEDGES THE RECEIPT OF THE REGIONAL APPEAL
IDENTIFIED BELOW:

REMEDY ID       : 816582-R1
DATE RECEIVED   : JUNE 29, 2015
RESPONSE DUE    : JULY 29, 2015
SUBJECT 1       : MEDICAL CARE - IMPROPER OR INADEQUATE
SUBJECT 2       : CONSULTANT REFERRALS, RECOMMENDATIONS

Regional Administrative Remedy Appeal No:   816582-R1
Part B - Response


This is in response to your Regional Administrative Remedy Appeal receipted
June 29, 2015.   You allege a magnetic resonance imaging (MRI) study of your right knee
revealed a torn meniscus, but the Regional Medical Director denied a request for surgery.
You further claim this decision is unacceptable because a doctor told you the surgery is
needed urgently.   As relief, you request surgical intervention.

A review of your medical records revealed you were evaluated by the Staff Physician after
undergoing an MRI of your right knee on November 17, 2014.   The Regional Medical
Director (RMD) reviewed the MRI report, which revealed prominent tear posterior horn
medial meniscus and cartilage thinning within the lateral compartment.   The RMD
recommended self-instructed physical therapy and non-steroidal anti-inflammatory
medication and an orthopedic consultation if your symptoms persist after conservative
medical management has been tried.

You were evaluated by the Clinical Director on April 30, 2015, at which time you admitted
you were not doing physical therapy exercises.   You were provided self-therapy literature
and medication for pain.   Progress with your condition was noted when you were
evaluated by the Clinical Director again on May 6, 2015.   You were advised to make a
good effort to consistently perform your self-therapy exercises and you would be
reevaluated to monitor your progress.   When you were seen in the clinic on June 30,
2015, your chief complaint was pain in the left side of your chest.   The clinician noted
you presented with a normal gait, and you did not voice any problems pertaining to your
right knee during this encounter.

Should you experience any adverse changes in your condition, return to sick call for
reevaluation.   Medical care will continue to be provided consistent with Bureau of Prisons'
policy.

Accordingly, your Regional Administrative Remedy Appeal is denied.   If dissatisfied with
this response, you may appeal to the Office of General Counsel.   Your appeal must be
received in the Office of General Counsel, Bureau of Prisons, 320 First Street, NW,
Washington, DC, 20534, within 30 calendar days of the date of this response.


7/20/15
Date                                          Regional Director, SERO

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: SEPTEMBER 18, 2015

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : VANESSA COOPER, 58397-018
      ALICEVILLE FCI    UNT: B UNIT    QTR: B04-104L
      P.O. BOX 445
      ALICEVILLE,  AL 35442

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      : 816582-A1        CENTRAL OFFICE APPEAL
DATE RECEIVED  : AUGUST 24, 2015
SUBJECT 1      : MEDICAL CARE - IMPROPER OR INADEQUATE
SUBJECT 2      : CONSULTANT REFERRALS, RECOMMENDATIONS
INCIDENT RPT NO:

REJECT REASON 1: ALL FOUR PAGES OF YOUR (BP-9) (BP-10) (BP-11) FORM MUST BE
                 LEGIBLE AND WORDED THE SAME. PHOTOCOPIES OF THE FORM WILL
                 NOT BE ACCEPTED.

REJECT REASON 2: YOU MAY ONLY SUBMIT ONE CONTINUATION PAGE, EQUIV. OF ONE
                 LETTER-SIZE (8.5 X 11) PAPER.   TEXT ON ONE SIDE.   THE
                 TEXT MUST BE LEGIBLE.

REJECT REASON 3: YOU DID NOT SUBMIT PROPER NUMBER OF CONTINUATION PAGES
                 WITH YOUR REQUEST/APPEAL.  2 - WARDEN'S LEVEL; 3 -
                 REGIONAL LEVEL; AND 4 - CENTRAL OFFICE LEVEL.  THE
                 NUMBER CITED INCLUDES YOUR ORIGINAL.

REJECT REASON 4: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 15 DAYS OF THE DATE OF THIS REJECTION NOTICE.

*Counselor Flowers delivered on 10-1-15* [handwritten]

RECEIVED
FCI ALICEVILLE
WARDEN OFFICE
2015 SEP 24  AM 10 54

RECEIPT - ADMINISTRATIVE REMEDY

DATE: JANUARY 6, 2016

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : VANESSA COOPER, 58397-018
      ALICEVILLE FCI     UNT: B UNIT     QTR: B04-104L

THIS ACKNOWLEDGES THE RECEIPT OF THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW:

REMEDY ID      : 816582-A3
DATE RECEIVED  : DECEMBER 10, 2015
RESPONSE DUE   : FEBRUARY 8, 2016
SUBJECT 1      : MEDICAL CARE - IMPROPER OR INADEQUATE
SUBJECT 2      : CONSULTANT REFERRALS, RECOMMENDATIONS

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Cooper,Vanessa R      58397-018     B-4     FCI-ALICEVII
     LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL** This is in response to my Regional Appeal denial. First Regional stated that I alleged a MRI study of my Right Knee revealed a torn meniscus, as if it were not true.  I did not know my meniscus was torn until the clinician here at FCI-Aliceville told me, and , at that time the Clinician also told me I would need a surgery.  This is a fact that is in my medical records.  Regional also stated that, "as relief, I request surgical intervention, so Regional knows that I need relief, so why am I being denied surgery that is needed.  I have attached to this a response to other statements Regional made in part-B Response

_11-14-15_
DATE

_Vanessa Cooper_
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

OCT 21 2015

Administrative Remedy Section
Federal Bureau of Prisons

RECEIVED

DEC 10 2015   (A3)
Administrative Remedy Section
Federal Bureau of Prisons

RECEIVED
MAR 14 2016
BY:_____

_____      _____
DATE          GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE      CASE NUMBER: _816582 - A2_

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
     LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____      _____
DATE         SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN      ✪ PRINTED ON RECYCLED PAPER         BP-2
                                        JUNI

ADMINISTRATIVE REMEDY APPEAL # 816582-Continued

Also in response to my appeal denial. Regional stated that on
April 30, 2015 "I admitted I was not doing the physical therapy
exercise." This statement is not true, and I have a copy of my
medical records to prove it.

On April 30, 2015 Dr. Griffin gave me a physical therapy package
and a cane. Then on May 6, 2015, Dr. Griffin evaluated me on my
exercises and said I've made some progress. So according to Regional
I admitted I was not doing the physical therapy on the same day I
received physical therapy.

On June 30, 2015 I went to sick call, because I had very bad chest
pains in my heart. Regional states that the clinician noted that I
presented with a normal gait and I did not voice any problems per-
taining to my right knee during this encounter.

Now, here at FCI Aliceville when an inmate goes into the medical office
or sick call, the inmate is only allowed to voice one complaint
about one problem. If there is another problem or medical issue
the inmate has to come back on another sick call day for that
complaint. So on June 30, 2015, my chest pain needed to be
checked by a doctor. At that time, my chest pain was priority,
and just because I did not complain about my right knee does not
mean the problem is gone. Furthermore, the clinician stated that
I presented with a normal gait. I can't pick up my right leg, so
it drags when I walk,if that looks normal to your clinician she
needs to be evaluated. I've been walking with this terrible limp
now for 14 months it took almost 7 months just to get a MRI,
all I've been given is Ibuprofin 800 mgs and physical therapy
packet and a cane. None of these things have helped me in fact,
it is getting worse. My entire body is in pain especially my
left knee. Then I get the run around with no real reason for
not giving me the surgery that is needed. Now I am asking the
General Counsel to take a look into this situation and please
give me some relief.

                    Thank You,

                    _Vanessa Cooper_
                    Vanessa Cooper, Inmate # 58397-018

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY


DATE: JANUARY 6, 2016



FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : VANESSA COOPER, 58397-018
      ALICEVILLE FCI     UNT: B UNIT     QTR: B04-104L



ADDITIONAL TIME IS NEEDED TO RESPOND TO THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

REMEDY ID      : 816582-A3
DATE RECEIVED  : DECEMBER 10, 2015
RESPONSE DUE   : FEBRUARY 8, 2016
SUBJECT 1      : MEDICAL CARE - IMPROPER OR INADEQUATE
SUBJECT 2      : CONSULTANT REFERRALS, RECOMMENDATIONS

Administrative Remedy No. 816582-A3
Part B - Response

This is in response to your Central Office Administrative Remedy Appeal wherein you allege you are being denied knee surgery. For relief, you request to be approved for surgery.

We have reviewed documentation relevant to your appeal and, based on the information gathered, concur with the manner in which the Regional Director addressed your concerns at the time of your appeal. Our subsequent review show you were evaluated by the institution Clinical Director (CD) on November 24, 2015, who noted no improvement to your right knee despite knee exercises and a brace. As a result, the CD submitted a consultation request for evaluation by an orthopedic specialist.

You will be scheduled to see the orthopedic specialist in the near future and further treatment will be considered based on the orthopedic specialist's recommendations. Records reflect you are currently provided with a cane and lower bunk pass, as well as Ibuprofen for pain.

The record reflects you are receiving medical care and treatment in accordance with evidence based standard of care and within the scope of services of the Federal Bureau of Prisons. You are encouraged to comply with proposed medical treatment so Health Services can continue to provide essential care and to contact medical personnel through routine sick call procedures should your knee condition worsen.

Based on the forgoing, this response is provided for informational purposes only.


1/22/16
Date

Ian Connors, Administrator
National Inmate Appeals

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| | Vanessa Cooper 58397-018 FCI Aliceville, Aliceville, Alabama P.O. Box 4000   35442 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. or P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☐ CIVILIAN | 12-19-73 | single | Friday Aug 21, 2014 | 5:00 pm |

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.) Inadequate Medical Treatment. I came here to FCI Aliceville Mar 21, 2014. I hurt my right knee in Aug 2014. When my leg did not heal the former Doctor here, Dr McCullar told me I am going to need a surgery for torn cartilage. I went out to get a MRI in Nov 2014 I found out I have a torn meniscus and I would need surgery. Continued on seperate sheet of paper.

**PROPERTY DAMAGE**

9. NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

n/a

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

Personal Injury

**PERSONAL INJURY/WRONGFUL DEATH**

10. STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Prominent tear posterior horn medial meniscus and cartilage thinning within the lateral compartment.

**WITNESSES**

| 11. NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Mostly everyone here in the Aliceville Prison | Same as above |

12. (See instructions on reverse) AMOUNT OF CLAIM (In dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| $2400.00 | $14,000,000.00 | -0- | $14,002,400.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Vanessa Cooper | none | 6-16-16 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of 2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
Previous editions not usable.
Designed using Perform Pro, WHS/DIOR, Jun 98

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

Cont Tort Claim     Vanessa Cooper 58397-018
page 1 of 3          FCI Aliceville
                     Aliceville, Alabama
                     P.O Box 4000  35442

I was in a wheelchair for about
5 days until I was told to give it back
because I can't use the elevator everyday.
So I had to learn how to walk without
falling down, but most of all I had to
learn how to deal with the pain. At
this time I had no cain or anything
to help me walk, so I straightened
out my right knee and locked it in
so I can walk, I do not bend my
right leg at the knee when I walk.
My right knee and my right foot swoll
up so big that Dr. McCollar gave me
Ibprofin for inflammation. Dr. McCollar
told me she did not want me on the
Ibprofin too long because it will damage
my liver. Now the Warden and the
Medical Staff here are using Ibprofin 800
as a plan of action for this torn meniscus.
I received a cane and a physical
therapy packet on 4-30-2015. On 5-6-2015
the new Doctor here, Dr Griffin told me
to make sure I am doing the physical
therapy exercises because if I am not
doing them they know because I will not
be healed. At the end of 2015 I had a

Con't Tort Claim                     Vanessa Cooper 58397-018

Page 2 of 3

follow-up appointment with Dr. Griffin,
he noted that nothing has changed with
my right knee, I told him I was doing
the exercises I just have problems with
swelling and pain after I do them.
Especially when I try to do the step-up.
At that time Dr. Griffin informed me
I can't do steps, I told him, he gave
me a physical therapy packet that
has steps and wall squats and you
told me I have to do them. Now almost
7 months later your telling me not to do
them. When I go to sick-call because of
the swelling in my knee and foot the
nurses say I'm faking and it should have
healed already. Then the FBOP sent me
back out to see the orthopedic he told
me I need a surgery this was in Feb
the 23, of 2016. He also told me I should
not be walking on my leg or standing to
much and definately should not be doing
any physical therapy until after the
surgery, because it is making my tear
worse. Well here at FCI Aliceville we
have to work or we will go into refusal
on our FRP payment. Plus the Warden makes
us work. Warden - Adduci saw me sitting

Con't tort Claim                    Vanessa Cooper 58397-018

page 3 of 3

down once at work and she told me to
get up she is not paying me to sit down.
The orthopedic also informed me that my
tear is not going to heal. Torn meniscus
don't heal so when Dr. Gritten ordered
another MRI the orthopedic did not perform
it because he said if my meniscus was
torn 2 years ago it's still torn now, so
instead of an MRI he did a x-ray to
see how bad my bone has gotten since
I've been walking straight legged for
22 months now. He also said hopefully
the surgery will be enough since I've
been walking on it for so long. The
reason I can't walk right is because
of the torn cartilage that is in my
knee needs to be surgically removed!
But the Warden, the Regional Director,
the Administrator National Inmat
Appeals have all together agreed to
use their plan of action which is a
cane and Ibprofin 800 with a bottom
bunk pass. This is inadequate medical
treatment and it needs to be corrected.



**U. S. Department of Justice**

Federal Bureau of Prisons

*Southeast Regional Office*
*3800 Camp Creek Pkwy SW*
*Bldg 2000*
*Atlanta, GA 30331*

**CERTIFIED MAIL**
**7014 2120 0003 4453 1894**

Vanessa Cooper
Reg. No. 58397-018
FCC Victorville, Med, II, Camp
P.O. Box 5300
Adelanto, CA 92301

RE:   **Administrative Tort Claim Number: TRT-SER-2016-05214**

Dear Claimant:

Your claim has been considered for administrative settlement under the Federal Tort Claims Act
("FTCA"), Title 28, United States Code (U.S.C.), Section 2672 *et seq.*, and the authority
accorded by Title 28, Code of Federal Regulations (C.F.R.), Section 0.172.  Under Section 2672
of the FTCA, each federal agency has been delegated the authority to consider, determine, and
settle any claim for money damages against the United States for personal injury or loss of
personal property caused by the negligent or wrongful act or omission of an employee acting
within the scope of his or her office or employment.

We have investigated your claim, and the investigation did not indicate you suffered an injury or
loss caused by the negligence of a Bureau of Prisons employee acting within the scope of his or
her employment.  Accordingly, your FTCA claim is denied.  If you are dissatisfied with our
determination, you have six (6) months from the mailing date of this letter to file suit in an
appropriate United States District Court.

Sincerely,

Joshua Robles
Supervisory Attorney

Date: 1/9/17

# CERTIFICATE OF SERVICE

I, _Vanessa Cooper_ , hereby certify that I have
served a true and correct copy of the following:
_Civil Rights Complaint Pursuant to Bivens v. Six Unknown
Agents 403 U.S. 388 (1971)_

Which is deemed filed at the time it was delivered to prison auth-
orities for forwarding, HOUSTON v. LACK , 101 L.Ed.2d 245 ( 1988 ),
to the court and all parties to litigation and/or attorneys of re-
cord, by placing same in a sealed, postage prepaid envelope address-
ed to: _United States District Court_
_312 North Spring Street_
_Los Angeles, CA 90012-4797_

and deposited in the UNITED STATES POSTAL MAIL at the FEDERAL PRISON
CAMP VICTORVILLE, CALIFORNIA.

I declare under penalty of perjury, (TITLE 28 U.S.C. §1746), that the
foregoing is true and correct.

Dated this _30_ day of _August_ , _2017_ .

_/S/ Vanessa Cooper_
[Name typed] _Vanessa Cooper_
[Reg. No.] _58397-018_

Vanessa Cooper 53547-018
FCC Victorville Federal Correctional Complex
P.O. Box
Adelanto, CA 92394



United States District Court
Office of the Clerk
312 North Spring Street
Los Angeles, CA 90012-4797



PLEASE USE CORRECT ADDRESS
MUST FULLY SPELL OUT
INSTITUTION NAME
NO ABBREVIATIONS

