FILED

2020 Aug-19  PM 03:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| **VANESSA R. COOPER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   Case No.  7:17-cv-01580-RDP-JHE |
| | ) |
| **FEDERAL BUREAU OF PRISONS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

This case is before the court on a Report and Recommendation filed by the Magistrate Judge on July 13, 2020. The Report recommends that the court construe Defendants' Motion for Summary Judgment on Plaintiff's First Amendment claim (*see* Docs. 47; 48), as a Motion to Dismiss and grant the motion without prejudice pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies.  (Doc. 52).  Alternatively, the Magistrate Judge recommends that the court grant Defendants' Motion for Summary Judgment and dismiss the case with prejudice. *Id*.  Plaintiff has objected to both recommendations. (Doc. 53).

Plaintiff objects to the Magistrate Judge's finding related to her failure to exhaust administrative remedies, stating "I object [as to] my First Amendment claim of retaliation because I feel the court did not review my claim as to my administrative remedies and only viewed [] [D]efendants' summary judgement." (Doc. 53 at 2).  On the contrary, after conducting a thorough analysis, the Magistrate Judge found that Plaintiff had not met the exhaustion requirement under the PLRA.  Thus, her First Amendment claim was unexhausted and is subject to dismissal.  (Doc. 52 at 10).  However, the Magistrate Judge went on to consider whether *Bivens* had been extended to a First Amendment retaliation claim.  (*Id.* at 10-11).  The Magistrate Judge concluded that it

had not.  *See Andrews v. Miner*, 301 F. Supp. 3d 1128 (N.D. Ala. 2017).   The court agrees and thus accepts the Magistrate Judge's recommendation to dismiss Plaintiff's claim for retaliation brought pursuant to the First Amendment.

As to Plaintiff's Eighth Amendment claim, Plaintiff argues that the "recommendation failed to address my current diagnosis from Dr. Liu and how I actually received medical attention." (Doc. 53 at 2).  Plaintiff argued in her response brief that "[b]ecause of the [direct] actions of each of these [D]efendants I now not only have a torn meniscus as was the first diagnoses, I now was suffering from, 'synovitis, diffuse wear on the lateral tibial plateau' [Dr. Liu] says this was expected from the x-rays and the MRI that was done in 2014."  (Doc. 51 at 17).

Dr. Liu performed Plaintiff's knee surgery on December 17, 2017.  (Doc. 51 at 50).  Dr. Liu noted that Plaintiff had been treated conservatively but that treatment had failed to achieve long-term relief.  (*Id.*).  Although Dr. Liu recommended surgery, and explained the risks and alternatives to surgery. (*Id.*).  Plaintiff chose to proceed with surgery.  (*Id.*).  There is nothing in Dr. Liu's medical notes that indicates he disagreed with Plaintiff's previous treatment.  (*Id.* at 50-51).  But, even if he did disagree, such a difference in opinion, alone, does not establish deliberate indifference, especially when Dr. Liu's assessment was conducted in December 2017, months after other treatment methods had been utilized to potentially avoid knee surgery and its attendant risks. *See Myers v. Corizon Medical Services*, No. 6:14-CV-1533-VEH-TMP, 2015 WL 5033209, at *3 (N.D. Ala. Aug. 25, 2015) (holding that "the difference of opinion between an inmate and a medical doctor, or between two medical doctors, as to treatment and diagnosis of a medical condition is insufficient to state a claim of constitutional proportion" and thus rejected prisoner's preference for one doctor's treatment plan requesting an MRI of the knee over another doctor's plan to treat the knee injury onsite and deny the MRI).  *See also, Green v. Manning*, 692 F. Supp.

1283, 1285 (S.D. Ala. 1987) (noting that the record reflected numerous visits for prisoner's torn meniscus, aspirin was adequate to treat pain, and surgery was not an emergency) (citing *Walnorch v. McMonagale*, 412 F. Supp. 270 (E.D. Pa. 1976) ("Stripped to its essentials, plaintiff states nothing more than his dissatisfaction with the speed with which his non-critical knee condition is being corrected. . . . At most, his complaint constitutes a claim for negligence which is not cognizable under the Civil Rights Act.").

Finally, Plaintiff argues that she asked to be transferred "to get medical help." (Doc. 53 at 2). She states that she "received the notice that [she] would be getting the surgery in February 2016, [she] waited 8 more months from 2014 in pain for that surgery and it never happened." (*Id.*). She argues that the prison policy is to place a medical hold on any inmate transfers if the inmate is scheduled for surgery and that no such hold was put on her because no surgery was scheduled. (*Id.* at 2-3). Plaintiff's records reflect that, at the request of Dr. Griffin, an MRI was conducted in February 2016. (Doc. 33-6 at 193). However, the first notation of a scheduled surgery (at least, the first the court could locate) is in Dr. Griffin's note of September 7, 2016. (*Id.* at 218). In that note, Dr. Griffin recommends knee surgery with a "Scheduled Target Date" of October 7, 2016. (*Id.*). Regardless of the prison policy referred to by Plaintiff, Plaintiff's surgery date appears to be a "target" date, not a firm date, and Plaintiff was transferred to another facility (on or before November 3, 2016) apparently at her own request. (*Id.* at 232).[1] The court finds no contradiction in Plaintiff's target date for surgery in October 2016 and her subsequent transfer in early November 2016 that would indicate deliberate difference on the part of Defendants.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation and the objections thereto, the Magistrate Judge's

---

[1] The exact date of Plaintiff's transfer to FCC Victorville is unclear, but based on the record of November 3, 2016, Plaintiff's health visit was noted as a "new encounter." (Doc. 33-6 at 232, 237, 351).

report is hereby **ADOPTED**, and the recommendation is **ACCEPTED**.  Accordingly, Defendants'

Motion for Summary Judgment is due to be granted, finding that no genuine issues of material fact

exist. A separate Final Judgment will be entered.

       **DONE** and **ORDERED** this August 19, 2020.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE